CHANCERY.

Case 34.

April 29.

Bill by L. Wilkinson.

## Wilkinson vs. Perrin.

Error to the Madison Circuit Court; GEO. SHANNON, Judge.

*Parties. Practice in this Court. Executor. Distributees.*

Judge MILLS, delivered the Opinion of the Court.

LYDIA WILKINSON, one of the daughters and devisees of Josephus Perrin, deceased filed her bill for a settlement and distribution of the estate of

her father, making Josephus Perrin the son and ad- Wilkinson
ministrator, as well as the other distributees, parties vs.
to the suit. Perrin.

Among them, two are dead, to-wit: Mrs. Kenne- Parties, and
dy, late Perrin; and her surviving husband, and her distributees.
children, are made defendants. William C. Perrin,
a son, is also dead, leaving children who are made
defendants.

Samuel Harris, the husband of a daughter of Mrs.
Kennedy, who (with his wife,) is made defendant,
sets up a claim for the entire share of one of the
other heirs, Mrs. Moore and her husband, who are
still living; and he makes his answer a cross bill a-
gainst the administrator, and the rest of the distribu-
tees parties, except that he does not make Kennedy
defendant, and inserts Mrs. Wilkinson in lieu of him-
self; otherwise, his cross bill agrees with the bill of
Mrs. Wilkinson, and asserts the same interest. The
administrator, with the will annexed, answered
both of these bills. Against some of these de-
fendants, publication was made as non-residents.

The court decreed a division of the slaves of the Decree.
decedant, and both Mrs. Wilkinson and Harris have
prosecuted, each, their writ of error, and complain
that many errors to their prejudice, were commit-
ted by the court below, on the merits of the contro-
versy.

In this their complaint is well founded. For not In a bill for
to mention any more, their bill claims a settlement of distribution,
the personal estate, and the inventory is filed, and it all ought to
is not shewn how that part of the estate has been be settled.
expended; and yet, the court has not liquidated that
matter, or given them any decree. For this, and
other reasons, the decree must be reversed.

But we forbear to go further into an investigation When the
of the merits; because it is the uniform practice of proper par-
the court, when a decree is reversed, at the instance ties are not
of one party, to suppose the cause is open as to the before the
errors of both parties, and all will be noticed and court will
rectified, on reversing the decree. We at once dis- never decide
cern, that there is a defect of parties to both bills, the merits,
which forbids the complainants in both, from a de- except when
cree on the merits.

WILKINSON
vs.
PERRIN.

*an insupera-
ble obsta-
cle to the
complainants
relief is
found, and
his bill is dis-
missed, this
court will on
that ground
affirm.*

It has been urged, that this defect of parties, ought to preclude these complainants from any redress on their respective writs of error. It is true, when on the merits of a controversy, a bar or obstacle to the recovery of the plaintiff in error is perceived, this court will not reverse, for it would be idle to open a contest which must be fruitless, and end again in a-bortion. No error can be committed against a plaintiff in error, who has no right or interest at stake. But it would be rigid, to deny relief against error to a plaintiff who has a meritorious claim, in which he has been defeated by the judgment or decree of the inferior court, barely because he had omitted to make a necessary party. In such case, we reverse for error on the merits, and then leave them to touch the defect of parties, and send the cause back, that these parties may be made, passing the merits generally with much silence; because it would be useless to investigate them minutely, when either party is at liberty, by new pleadings, or evidence, to change them materially, before the cause comes to another hearing.

We will, therefore, proceed to point out the defects in parties.

*Where the
wife's father
dies during
the coverture,
the husband
becomes enti-
tled to the
share of
slaves and
other person-
alty, and
their children
have no inte-
rest.*

We will first however, remark, that it was unnecessary to make the children of Mrs. Kennedy, parties. Their father is still living, and it appears by the will of the testator, that her right accrued during her coverture, and in such case, according to the uniform decisions of this court, her husband having survived her, is entitled to her interest as survivor, and as husband, even without administration on the estate of his wife. Harris, therefore, alone, need be retained in the bill of Mrs. Wilkinson, not as having an interest in right of his wife, as heiress or distributee of her mother, but in his individual right, as purchaser from another daughter of the testator and her husband.

*Editor, pub-
lisher or prin-
ter must cer-
tify the pub-
lication of*

We would further remark, that in the certificate proving the publication against the absent defendants, it does not appear, that the person certifying, was the publisher or printer of the paper. For any thing that appears, this certificate might have been

given by an apprentice in the office, or by some one wholly unconnected with the publication of the paper. It is to the editor alone, that the law has attached the same confidence that is given to the return of an officer. But then, proceedings against absent defendants, have been held, by the uniform decisions of this court, to a strict compliance with the letter of the act, and nothing can be supplied by intendment. This proof was, therefore, insufficient.

The parties necessary to a correct settlement of this controversy, which are not made, will now be noticed. William C. Perrin, one of the sons mentioned in the will, has, since the death of the testator, departed this life. His heirs or distributees have been made parties, but his personal representative is omitted. It seems to have escaped the counsel who conducted the cause below, that the executor or administrator of W. C. Perrin, could alone take the estate, and that if it was settled with his heirs, it must escape the grasp of his creditors. According to the well settled law of this court, the personal representative ought, therefore, to be added.

The widow of the testator survived him for many years—perhaps near thirty. The will, after giving specific legacies, gave her all the rest of the estate during life. She renounced the provisions of the will; of course, she became entitled to one third of the lands and slaves, during her life, and one third of the personal estate forever. No dower or distributive portion of the personalty was ever assigned to her. Of course, her personal representative became a necessary party; for only with such representatives can her share of the personal estate be settled.

It seems to the court, that there is error in the decree of the court below, on the merits; but as the proper parties were not before the court, this court will not direct what kind of decree is to be there entered; but after a reversal, the cause will be remanded, that the complainants may amend their respective bills, in a reasonable time to be there allowed

2 C

WILKINSON
vs.
PERRIN.

the order for the appearance of an absent defendant.

Executor, & not the children of a distributee, is entitled to receive, must be made a party to a suit for distribution.

Executor or adm'or of the widow, who died before receiving her distributive share, must be made a party.

Mandate for new parties.

WILKINSON vs. PERRIN.

for that purpose, if they shall elect so to do. But if such election is not made, that each bill shall be dismissed with costs, and without prejudice to any future suit, for the same cause of complaint. The defendants in error to pay costs in this court.

*Turner* and *Caperton*, for plaintiffs; *Haggin* and *Loughborough*, for defendants.